UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| LESLIE ALEXANDER | * | DOCKET NO. 06-1606 |
| VERSUS | * | JUDGE JAMES |
| MCKEE FOODS CORP. | * | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion to Dismiss for Lack of Subject Matter Jurisdiction, Fed.R.Civ.P. 12(b)(1), filed by defendant, McKee Foods Corporation. [doc. # 5]. For reasons stated below, it is recommended that the motion be **GRANTED.**

### BACKGROUND

On September 18, 2006, Leslie Alexander filed the instant complaint *pro se* against McKee Foods Corp. Alexander alleges that her daughter became ill after finding an artificial fingernail inside a Little Debbie chocolate donut that she was eating. Alexander seeks resulting damages against McKee, the manufacturer of the donuts.

On October 17, 2006, McKee filed the instant motion to dismiss for lack of subject matter jurisdiction because plaintiff failed to allege in her complaint any basis for federal subject matter jurisdiction. On January 12, 2007, the court ordered plaintiff to amend her complaint within 30 days to allege a basis for federal subject matter jurisdiction. (*See*, January 12, 2007, Order). Plaintiff was cautioned that if she failed to so comply or if jurisdiction was found to be lacking, then dismissal would be recommended. *Id*. The time has since elapsed, and no response has

been received from plaintiff. The matter is now before the court.

## LAW AND ANALYSIS

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers local 6 Pension Fund*, 81 F.3d 1182, 1187 (2nd Cir. 1996)). The party seeking to invoke jurisdiction bears the burden of demonstrating its existence. *See, Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). In fact, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996)(citing *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984)).

"Attacks on subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms: 'facial attacks' and 'factual attacks.'" *Garcia v. Copenhaver, Bell & Assics., M.D.'s, P.A.*, 104 F.3d 1256, 1260-1 (11th Cir. 1997) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-9 (11th Cir. 1990); *see Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). Facial attacks on the complaint "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [her] complaint are taken as true for purposes of the motion." *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (5th Cir. 1990)(quoted source omitted). The instant motion raises a "facial attack."

"The presence or absence of federal- question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions*

*Bank of Louisiana*, 522 U.S. 470, 474, 118 S.Ct. 921, 925 (1998)(citations omitted). Federal question jurisdiction is properly invoked when plaintiff pleads a colorable claim "arising under" the Constitution or laws of the United States. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235 (2006).

When jurisdiction depends on diversity of citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988)(citation omitted)(emphasis in citing source). This rule requires "strict adherence." *Id*. Furthermore, the amount in controversy must exceed $ 75,000. 28 U.S.C. § 1332.

In the case *sub judice*, the court does not discern a federal question on the face of plaintiff's complaint. Moreover, plaintiff has neither set forth the citizenship of the parties, nor alleged that the amount in controversy exceeds $ 75,000. Plaintiff was afforded the opportunity to correct these deficient jurisdictional allegations, yet has not done so. In the absence of the requisite jurisdictional facts, the record fails to establish federal subject matter jurisdiction. Where, as here, a party has been permitted an opportunity to amend her pleadings to allege subject matter jurisdiction and still fails to do so, dismissal is warranted. *See, Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986).

For the foregoing reasons, the undersigned finds that plaintiff has not satisfied her burden of establishing the existence of federal subject matter jurisdiction. *Howery, supra*; 28 U.S.C. §§ 1331 & 1332. Dismissal is required. Fed.R.Civ.P. 12(h)(3). Accordingly,

**IT IS RECOMMENDED** that defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction [doc. # 5], be **GRANTED**. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 21st day of February, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE